IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case Number: |
| v. | ) | |
| MM Meadows, Inc., | ) | Judge: |
| d/b/a JERSEY MIKES, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff, Stephanie Fowler, (hereinafter "Plaintiff"), by and through her attorney, Chris Langone, files this Complaint against MM Meadows Inc. d/b/a Jersey Mike's, (hereinafter "MM Meadows" or "Defendant"). Plaintiff seeks damages from Defendant and states as follows:

## **NATURE OF THE CLAIMS**

1. This is an action for monetary damages or equitable relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et seq. (hereinafter "Title VII").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful treatment, discrimination, and retaliation against Plaintiff because of her sex and race leading to her unlawful termination.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §1331 and §1343, as this action involves federal questions regarding Plaintiff's civil rights under Title VII.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**THE PARTIES**

5.      Plaintiff, Stephanie Fowler, is a citizen of the United States and is a resident of the State of Illinois.

6.      Defendant, MM Meadows is an independently-owned franchisee of a national submarine-sandwich chain and at all relevant times employed in excess of 15 employees.

**PROCEDURAL REQUIREMENTS**

7.      Plaintiff has complied with all statutory prerequisites to filing this action.

8.      On August 12, 2018, Plaintiff dual-filed a claim with the Illinois Department of Human Rights Commission (hereinafter the "IDHR") and the Equal Employment Opportunity Commission (hereinafter the "EEOC") against the Defendant satisfying the requirements of 42 U.S.C. §20003-5(b) and (e), based on sex, race, and retaliation.

9.      Plaintiff's EEOC charge against Defendant was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10.     On or about July 18, 2019, the EEOC dated a Notice of Right to Sue. Although the letter was not received by counsel, on behalf of Fowler, until early August 2019.

11.     This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue letter.

**FACTS**

12.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-11, above.

13.     Defendant employed Plaintiff as a Crew Member.

14.     While employed at MM Meadows, Plaintiff was treated differently than other similarly situated non-black, male crew members.

2

15.     On June 3, 2018, Plaintiff stood up for a fellow employee when the MM Meadows assistant manager refused to allow the crew member to take her state mandated break.

16.     Following the Plaintiff's action to protect her black co-workers' rights, Defendant, terminated Defendant from her position by the store manager.

### COUNT I: Title VII Discrimination (Race)

17.     Plaintiff re-alleges and adopts, as if fully set forth herein the allegations stated in Paragraphs 1-16, above.

18.     Defendant discriminated against Plaintiff based upon her race, African American.

19.     Defendant treated non-black employees more favorably.

20.     Similarly situated non-black employees were not terminated for misconduct as frequently as black employees.

21.     Defendant made racial comments that disparaged African Americans.

22.     Defendant took adverse action against Plaintiff based upon her race.

23.     As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits and mental anguish and other damages, and as such, is entitled to all legal and equitable remedies available under Title VII.

### COUNT II: Retaliation in Violation of Title VII

24.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-16, above.

25.     At all material times, Defendant was an employer as defined by Title VII.

26.     Plaintiff stood up to management about the belittling and unlawful treatment of employees in response she was called a "black bitch" and fired. She was terminated for

complaining to the GM about black employees being subjected to different terms and conditions of employment.

27. After complaining to management about the unlawful work environment, Plaintiff was terminated from her position.

28. As a direct and proximate result of Defendant's retaliation in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits and mental anguish and other damages, and as such, is entitled to all legal and equitable remedies available under Title VII.

### COUNT III: Title VII Discrimination (Sex)

29. Plaintiff re-alleges and adopts, as if fully set forth herein the allegations stated in Paragraphs 1-16 above.

30. Defendant discriminated against Plaintiff based upon her sex.

31. Defendant treated male employees more favorably.

32. Similarly situated male employees were not terminated for misconduct as frequently as female employees.

33. Defendant took adverse action against Plaintiff based upon her sex, and was also called a black bitch, evidencing genger-based animus.

34. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits and mental anguish and other damages, and as such, is entitled to all legal and equitable remedies available under Title VII.

### COUNT IV: Intersectional Discrimination

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34, above.

4

36. Defendant engaged in intersectional discrimination.

37. Defendant took adverse action against Plaintiff based upon her race, in concert with her sex. The whole is greater than the sum of the parts in this regard. The two protected aspects mutually reinforce each other in connection with perpetrating a particularly invidious stereotype.

38. In sum, Plaintiff was treated differently because she is female *and* black, and therefore she was perceived as an angry black woman that Defendant sought to terminate wrongfully.

39. Plaintiff alleges these factors mutually influenced and reinforced each other for instance, in relation to the lack of action taken when she complained to management about the sexually offensive hostile work environment was based in part to the fact she is a black female.

40. This conduct violates Title VII, 42 U.S.C. 2000e et seq.

41. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits and mental anguish and other damages, and as such, is entitled to all legal and equitable remedies available under Title VII.

WHEREFORE, Plaintiff, requests this Honorable Court:

a) Enter judgement requiring Defendant to pay back wages and back benefits found to be due and back benefits found to be due and owing at the time of trial, front-pay or reinstatement, compensatory damages, including emotional distress damages, in an amount to be proven at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs, and an award of reasonable attorneys' fees; and

c) Award any other and further relief as Court deems just and proper.

## JURY DEMAND

Plaintiff hereby request a trial by jury on all triable issues herein.

Respectfully Submitted,

/s/ Christopher V. Langone

17 N. Wabash, Ste. 500

Chicago, IL 60602

(312) 344-1945

langonelaw@gmail.com